UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KENYA PINKSTON-SHAY, | : | Civil Case No. |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **<u>VERIFIED COMPLAINT</u>** |
| | : | |
| METROPOLITAN TRANSPORTATION | : | |
| AUTHORITY; | : | |
| | : | |
| *Defendant.* | : | Trial by Jury |
| | : | |

Plaintiff, Kenya Pinkston-Shay, by and through her attorneys, Wolin & Wolin, complaining of the defendant, Metropolitan Transportation Authority, alleges as follows:

## <u>Introduction</u>

1.      This is an action, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; New York State Executive Law § 296 and § 297; and New York City Administrative Code  § 8-107 for employment discrimination based upon race (African-American) and gender (Female).  Plaintiff alleges that, by its actions described herein, defendant has discriminated against her because of her race and gender.

2.      This action also challenges defendant's policies, patterns, practices and actions of race and gender discrimination, as described herein, with respect to the promotion of female and African-American Police Officers to the position of Sergeant.  Defendant engaged in these policies, patterns, practices and actions despite knowing that it would have a disparate impact on female and African-American Police Officers who are seeking to be promoted to the ranks of Sergeant and above.

3.      As a result of defendant's policies, patterns, practices and actions described herein, qualified female and African-American Police Officers are promoted less frequently and in a manner which results in an under representation of female and African-Americans in the rank of Sergeant and above.

4.      Plaintiff seeks appropriate relief to redress the wrongdoing complained of herein.

### Statement Pursuant to Local Rule 9

5.      For purposes of complying with Local Rule 9, plaintiff states that she has no corporate parent, subsidiary, or affiliate and that there are no other interested parties.

### Jurisdiction & Venue

6.      Jurisdiction of the Court over this controversy is based upon 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1331, 1343 and 1346 and the Court's supplemental jurisdiction.

7.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391.

### Jury Demand

8.      Plaintiff demands a trial by jury in this action on each and every one of her claims.

### Parties

9.      Plaintiff, at all times relevant hereto, was and still is a resident of the State of New York, County of Nassau and a citizen of the United States of America.

10.      Defendant Metropolitan Transportation Authority ("MTA") was and still is a public authority operating under and by virtue of the laws of the State of New York and

maintaining a principal place of business in the City, County and State of New York at 2 Broadway.

11.     Defendant, at all times relevant hereto, was and still is in the business of providing interstate public transportation services by rail and as defined pursuant to 49 U.S.C. § 5331 and 49 C.F.R. § 655 *et seq.*  In furtherance of said business purpose, defendant maintains and operates a Police Department ("MTAPD") and employs Police Officers, including those with the rank of Sergeant and above.

12.     Defendant is a public authority engaged in an industry and/or activity affecting commerce, as defined in 42 U.S.C. § 2000e(g)(h).

13.     At all relevant times, defendant had and still has at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.  Therefore, defendant is an "employer" for purposes of 42 U.S.C. § 2000e *et seq*. and other relevant statute.

### Exhaustion of Administrative Remedies

14.     On or about November 5, 2018, plaintiff filed a written Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") assigned Charge No. 520-2019-00550.

15.     In said Charge of Discrimination, plaintiff alleged that defendant had discriminated against her on account of her race and gender.

16.     On November 27, 2018, the EEOC issued a Notice of Right to Sue to plaintiff with reference to her Charge of Discrimination.  Said notice advised plaintiff of her right to file an action against defendant in the appropriate federal court within ninety (90) days of her receipt

thereof.

17.     Plaintiff has filed this action within ninety (90) days of her receipt of the Notice of Right to Sue.

18.     On or about November 5, 2018, plaintiff also caused a Notice of Claim to be served upon defendant, pursuant to Public Authorities Law of the State of New York and other statute.  In the Notice of Claim, plaintiff claimed that defendant had discriminated against her based upon her race and gender.

19.     More than thirty (30) days have lapsed since plaintiff served the Notice of Claim and the claim remains open and unpaid.

## Facts

20.     Plaintiff has been employed by defendant as a Police Officer since 2003.  Prior to that, she was employed as a New York City Police Officer between 2001 and 2003.

21.     Plaintiff is an African-American female.

22.     By its actions, as set forth herein, the MTAPD has engaged in a pattern, practice, policy and action, the result of which is to discriminate against African-American and female Police Officers, including plaintiff, in being promoted to the rank Sergeant and above.

23.     Sometime prior to October 2014, plaintiff took the promotional examination for the position of Sergeant in the MTAPD..

24.     On October 17, 2014, the MTAPD issued Personnel Order 14-75, which contained the numerical ranking of the 105 highest scoring members on the Sergeant's Promotional List ("the List").  Plaintiff was ranked 64th.

25.     Willie Heckstall, another African-American Police Officer, ranked 63rd on the List.

26.     The MTAPD has a practice and policy of promoting individuals off promotional lists, in strict order of their numerical ranking.

27.     Every individual between #1 and #62 was ultimately promoted to Sergeant, with the exception of three individuals who had retired in the interim.  They were #31 (Pecoraro), #39 (Kowalchuk), and #60 (Russell).  Four of the individuals who were promoted were African-American.  They were #20 (Deras), #40 (Jean Baptiste), #45 (Grisby), and #61 (Benjamin).  Deras has since been promoted to Lieutenant.

28.     The last promotions that were made off the List were made by Personnel Order 17-151 dated December 22, 2017 and effective December 24, 2017.  Eight individuals were promoted.  The last one promoted was #62 (Dacosta), who was situated immediately before plaintiff and Officer Heckstall on the List.  Thus, plaintiff and Officer Heckstall were then the next ones to be promoted off the List.

29.     In addition to plaintiff and Officer Heckstall, there were several other African-American officers whose names were being approached on the List, including #72 (Starks), #75 (Henry) and #76 (James-Rosario).  Five of the next fourteen officers on the List, were African-American, including 3 females.

30.     Over the next several months, after December 2017, the MTAPD had several vacancies and the need to promote officers to Sergeant.  These vacancies occurred because of retirements, reassignments and otherwise.

31.     In order to avoid promoting plaintiff, Officer Heckstall and the other African-American officers from the List, the MTAPD deliberately, willfully and intentionally failed to promote any additional officers from the List, despite the need to promote Police Officers to

Sergeant.

32.    By Personnel Order #18-71 dated June 4, 2018, the MTAPD announced a new promotional list ("the new List") for the position of Sergeant based upon an examination given in 2017.

33.    Plaintiff was pregnant when the test was given and could not take it. She was, therefore, not ranked on the new List.

34.    The MTAPD did not promote anyone off the prior list since December 2017 because it was intentionally, knowingly and willfully seeking to avoid promoting other African-American and/or female Police Officers to the position of Sergeant.

35.    The motivation of the MTAPD was confirmed when it officially terminated the then existing list by Personnel Order #18-71 and then immediately promoted nine individuals to the position of Sergeant from the newly announced list.

36.    Pursuant to Personnel Order #18-116, the first nine officers on the new list were promoted to Sergeant. Only one, Aundree Booker (#9), was African-American. None were female. On the said new List, the next African-American is #56 (Henry).

37.    The prospect of any additional African-American/female officers being promoted to Sergeant anytime in the near future is slim. The dearth of African-Americans/females being promoted to Sergeant will have a domino effect on African-Americans/females being promoted to higher ranks, such as Lieutenant, since potential candidates will not have the required time in rank.

38.    The prior history of the MTAPD in promoting African-American and female Police Officers is indicative of its discriminatory animus. There has not been an African-

American female Sergeant since 2003.

39.     There are currently six African-American Sergeants in the entire Department, out of approximately ninety-six Sergeants.  They are the aforesaid Benjamin, Jean-Baptiste, Grisby, and Booker, together with Sergeants Farrell and Jordan.  If any of these Sergeants retire, based upon the new list, they will be replaced by a Caucasian officer, thereby reducing the number of African-American Sergeants even more.

40.     There are currently four female Sergeants, none of whom are African-American.

41.     There is one African-American Lieutenant, the aforesaid Deras, out of approximately thirty-two Lieutenants.  There is one female Lieutenant.  There are no African-American female Lieutenants.

42.     The MTAPD's own workforce utilization profile for the last quarter of 2017 confirms the under representation of African-American and female Sergeants in the Department.  Chief Owen Monaghan, the MTAPD Chief of Police, stated, at a Diversity Committee Meeting on May 21, 2018, that increasing diversity in all ranks is MTA's priority.

43.     By its actions, in manipulating the promotional lists to avoid having a fair share of African-American and female officers become Sergeants, the MTAPD has violated its own pronouncements and has engaged in manner that is violative of statute.

## Count I

### Intentional Discrimination (Race)
### Title VII of the Civil Rights Act of 1964,
### as amended, 42 U.S.C. § 2000e *et seq.*

44.     Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et*

*seq*., in that they constitute unlawful employment practices on account of plaintiff's race.

45.     By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

46.     Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.   Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

47.     By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's race, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

48.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages and other appropriate damages, attorney's fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## Count II

### Disparate Impact Discrimination (Race)
### Title VII of the Civil Rights Act of 1964,
### as amended, 42 U.S.C. § 2000e *et seq.*

49.     Defendant's policies, patterns, practices and actions, as described hereinbefore, has had an adverse impact on African-American Police Officers being promoted to the rank of Sergeant and above.

50.     Defendant's policies, patterns, practices and actions, as described hereinbefore, cannot be justified by business necessity and have no relationship to the requirements of the position of Sergeant.

51.     The result of defendant's  policies, patterns, practices and actions has been to disproportionately and unjustifiably adversely affect African-American Police Officers seeking to be promoted to the rank of Sergeant and above.

52.     By reason of the foregoing, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

53.     Defendant's  policies, patterns, practices and actions constitute an unlawful employment practice on account of plaintiff's race, because it has had an unlawful disparate impact in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

54.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages and other appropriate damages, attorney's fees, expert

fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## Count III

### Intentional Discrimination (Gender)
### Title VII of the Civil Rights Act of 1964,
### as amended, 42 U.S.C. § 2000e *et seq*.

55.     Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., in that they constitute unlawful employment practices on account of plaintiff's gender.

56.     By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

57.     Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.   Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

58.     By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's gender, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

59.     By reason of the foregoing, plaintiff has become entitled to appropriate

injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages and other appropriate damages, attorney's fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count IV

**Disparate Impact Discrimination (Gender)**
**Title VII of the Civil Rights Act of 1964,**
**as amended, 42 U.S.C. § 2000e *et seq*.**

60.     Defendant's policies, patterns, practices and actions, as described hereinbefore, has had an adverse impact on female Police Officers being promoted to the rank of Sergeant and above.

61.     Defendant's policies, patterns, practices and actions, as described hereinbefore, cannot be justified by business necessity and have no relationship to the requirements of the position of Sergeant.

62.     The result of defendant's  policies, patterns, practices and actions has been to disproportionately and unjustifiably adversely affect female Police Officers seeking to be promoted to the rank of Sergeant and above.

63.     By reason of the foregoing, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

64.     Defendant's  policies, patterns, practices and actions constitute an unlawful employment practice on account of plaintiff's gender, because it has had an unlawful disparate

impact in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

65.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages and other appropriate damages, attorney's fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count V

**Intentional Discrimination (Race)**
**New York State Executive Law §§ 296 and 297**

66.     Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates New York State Executive Law §§ 296 and 297, in that they constitute unlawful employment practices on account of plaintiff's race.

67.     By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York State Executive Law §§ 296 and 297.

68.     Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.   Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

69.     By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's race, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues

to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

70.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages and other appropriate damages, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

<u>**Count VI**</u>

**Disparate Impact Discrimination (Race)**
<u>**New York State Executive Law §§ 296 and 297**</u>

71.     Defendant's policies, patterns, practices and actions, as described hereinbefore, has had an adverse impact on African-American Police Officers being promoted to the rank of Sergeant and above.

72.     Defendant's policies, patterns, practices and actions, as described hereinbefore, cannot be justified by business necessity and have no relationship to the requirements of the position of Sergeant.

73.     The result of defendant's policies, patterns, practices and actions has been to disproportionately and unjustifiably adversely affect African-American Police officers seeking to be promoted to the rank of Sergeant and above.

74.     By reason of the foregoing, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

75.     Defendant's policies, patterns, practices and actions constitute an unlawful

employment practice on account of plaintiff's race, because it has had an unlawful disparate impact in violation of New York State Executive Law §§ 296 and 297.

76.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages and other appropriate damages and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count VII

### Intentional Discrimination (Gender)
### New York State Executive Law §§ 296 and 297

77.     Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates New York State Executive Law §§ 296 and 297, in that they constitute unlawful employment practices on account of plaintiff's gender.

78.     By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York State Executive Law §§ 296 and 297.

79.     Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.   Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

80.     By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's gender, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues

to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

81.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages and other appropriate damages and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

<u>**Count VIII**</u>

**Disparate Impact Discrimination (Gender)**
<u>**New York State Executive Law §§ 296 and 297**</u>

82.     Defendant's policies, patterns, practices and actions, as described hereinbefore, has had an adverse impact on female Police Officers being promoted to the rank of Sergeant and above.

83.     Defendant's policies, patterns, practices and actions, as described hereinbefore, cannot be justified by business necessity and have no relationship to the requirements of the position of Sergeant.

84.     The result of defendant's  policies, patterns, practices and actions has been to disproportionately and unjustifiably adversely affect female Police officers seeking to be promoted to the rank of Sergeant and above.

85.     By reason of the foregoing, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

86.     Defendant's  policies, patterns, practices and actions constitute an unlawful

employment practice on account of plaintiff's gender, because it has had an unlawful disparate impact in violation of New York State Executive Law §§ 296 and 297.

87.    By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages and other appropriate damages and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

<u>**Count IX**</u>

**Intentional Discrimination (Race)**
<u>**New York City Administrative Code § 8-107**</u>

88.    Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates New York City Administrative Code § 8-107, in that they constitute unlawful employment practices on account of plaintiff's race.

89.    By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York City Administrative Code § 8-107.

90.    Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.    Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

91.    By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's race, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues

to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

92.    By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages and other appropriate damages, attorney's fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## Count X

### Disparate Impact Discrimination (Race)
### New York City Administrative Code § 8-107

93.    Defendant's policies, patterns, practices and actions, as described hereinbefore, has had an adverse impact on African-American Police Officers being promoted to the rank of Sergeant and above.

94.    Defendant's policies, patterns, practices and actions, as described hereinbefore, cannot be justified by business necessity and have no relationship to the requirements of the position of Sergeant.

95.    The result of defendant's policies, patterns, practices and actions has been to disproportionately and unjustifiably adversely affect African-American Police officers seeking to be promoted to the rank of Sergeant and above.

96.    By reason of the foregoing, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

97.     Defendant's  policies, patterns, practices and actions constitute an unlawful employment practice on account of plaintiff's race, because it has had an unlawful disparate impact in violation of New York City Administrative Code § 8-107.

98.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages and other appropriate damages, attorney's fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## Count XI

### Intentional Discrimination (Gender)
### New York City Administrative Code § 8-107

99.     Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates New York City Administrative Code § 8-107, in that they constitute unlawful employment practices on account of plaintiff's gender.

100.     By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York City Administrative Code § 8-107.

101.     Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.   Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

102.     By reason of the policies, patterns, practices and actions, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's

gender, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

103.    By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages and other appropriate damages, attorney's fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## Count XII

### Disparate Impact Discrimination (Gender)
### New York City Administrative Code § 8-107

104.    Defendant's policies, patterns, practices and actions, as described hereinbefore, has had an adverse impact on female Police Officers being promoted to the rank of Sergeant and above.

105.    Defendant's policies, patterns, practices and actions, as described hereinbefore, cannot be justified by business necessity and have no relationship to the requirements of the position of Sergeant.

106.    The result of defendant's  policies, patterns, practices and actions has been to disproportionately and unjustifiably adversely affect female Police officers seeking to be promoted to the rank of Sergeant and above.

107.    By reason of the foregoing, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and

continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

108.    Defendant's  policies, patterns, practices and actions constitute an unlawful employment practice on account of plaintiff's gender, because it has had an unlawful disparate impact in violation of New York City Administrative Code § 8-107.

109.    By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages and other appropriate damages, attorney's fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Prayer for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered in her favor and against defendant on each and every count hereinbefore pled, awarding her appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant with back pay; an award of compensatory damages and other appropriate damages, an award of  attorney fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial together with appropriate interest.

Dated: Jericho, New York
      February 20, 2019                                        WOLIN & WOLIN
                                        *Alan E. Wolin*
                                        By: Alan E. Wolin, Esq.
                                        *Attorney for Plaintiff*
                                        420 Jericho Turnpike, Suite 215
                                        Jericho, New York 11753
                                        Tel.: (516) 938-1199
                                        Fax: (516) 938-1178
                                        Email: wolinlaw@aol.com

**<u>Verification</u>**

State of New York        )
                         )ss.:
County of Nassau         )

KENYA PINKSTON-SHAY, being duly sworn, deposes and says:

I am the plaintiff in the within action and I have read the foregoing document and know the contents thereof, the same is true to my knowledge, except as to those matters therein stated to be based upon information and belief, and as to those matters I believe them to be true.

S/ Kenya Pinkston-Shay
KENYA PINKSTON-SHAY

Sworn to before me this
20th day of February, 2019

S/ Jill Fieman
Notary Public

> JILL A. FIEMAN
> Notary Public, State of New York
> No. 4993075
> Qualified in Nassau County
> Commission Expires 3/9/2022